|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
|  | ) |
|  | ) |
|  | ) |
| **v.** | )    **Criminal No.  04-401 (RMC)** |
|  | ) |
| **NEERAN HAKIM ZAIA,** | )    **(related to Civil No. 09-2461 (RMC))** |
|  | ) |
| **Defendant.** | ) |
|  | ) |

**MEMORANDUM OPINION**

Defendant Neeran Zaia filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which the Court denied on November 19, 2010. *See* Mem. Op. [Dkt. # 243] & Order [Dkt. # 244]. Ms. Zaia moved to reconsider,[1] and the Court denied that motion. *See* Mem. Op. [Dkt. # 255] & Order [Dkt. # 256]. Ms. Zaia moves to reconsider yet again. *See* Second Mot. for Reconsideration [Dkt. # 263]. As explained below, the motion for reconsideration will be granted in part and denied in part. The Memorandum Opinion and Order denying the first motion for reconsideration will be vacated and replaced with this Opinion and accompanying Order to make it clear that the motion to reconsider is denied on substantive grounds and is not based on timeliness.[2]

---

[1] Ms. Zaia also filed a Notice of Appeal. *See* Notice [Dkt. # 251] & [Dkt. # 252].

[2] In addition to denying the motion for reconsideration on the merits, the Court previously held that Ms. Zaia's motion for reconsideration was not timely. *See* Mem. Op. [Dkt. # 255] at 3-4. Ms. Zaia has now made it clear that the one day delay in filing should have been excused because the court's electronic filing system was temporarily unavailable.

## I. FACTS

A grand jury returned a thirty-two count indictment against Ms. Zaia on September 3, 2004. The indictment charged Ms. Zaia with violations of 18 U.S.C. § 371 (Conspiracy to Commit Offenses Against the United States); 8 U.S.C. § 1324(a)(2)(B)(ii) (Bringing Unauthorized Aliens to the United States for Commercial Advantage or Private Financial Gain); 8 U.S.C. § 1327 (Aiding and Abetting Certain Aliens to Enter the United States); 18 U.S.C. § 1512(b) (Tampering with a Witness by Misleading Conduct); and 18 U.S.C. §§ 2(a) & (b) (Aiding and Abetting, Causing an Act to Be Done). Superseding Indictment [Dkt. # 79].

On September 4 and 5, 2007, a jury was selected for trial.[3] During this two-day period, the parties also held plea negotiations. The Government first made a plea offer under Federal Rule of Criminal Procedure 11(c)(1)(C) that called for a ten-year sentence and that would require Ms. Zaia to forfeit her citizenship. Ms. Zaia discussed this with her attorney (assisted by an interpreter) and declined the offer. The Government then made a second Rule 11(c)(1)(C) offer. The second plea offer required Ms. Zaia to plead to eight counts of the Superseding Indictment, called for a fifteen-year sentence, required that she waive her right to appeal, and permitted her to retain her citizenship. Plea Agreement [Dkt. # 167]. Ms. Zaia accepted the second plea offer. On September 6, 2007, the Court conducted a lengthy Rule 11 colloquy, ordered a presentence investigation report, and set the sentencing date. On November 19, 2007, the Court formally accepted the Plea Agreement and imposed a sentence of fifteen years as set out in the Plea

---

[3] The jury was not sworn.

Agreement.  Tr. 11/19/07 at 52; Judgment [Dkt. # 185].[4]

Ms. Zaia then sought a further reduction of her sentence via a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  The Court denied the motion.  *See* Mem. Op. [Dkt. # 243] & Order [Dkt. # 244].  Ms. Zaia moves for reconsideration.

## II.  LEGAL STANDARD

When a criminal defendant challenges a decision denying a § 2255 motion, the motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e).  *United States v. Cabrera*, 699 F. Supp. 2d 35, 40 (D.D.C. 2010).  Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."  Fed. R. Civ. P. 59(e).  This language is mandatory.  "District courts do not have even the customary discretion given by [Rule] 6(b) to enlarge the Rule 59(e) period."  *Derrington-Bey v. D.C. Dep't of Corrections*, 39 F.3d 1224, 1225 (D.C. Cir. 1994).

A Rule 59(e) motion need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).  Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously."  *Kattan v. District of Columbia*,

---

[4] The judgment was later amended twice: (1) to correct costs that Ms. Zaia was required to pay, *see* Am. Judgment [Dkt. # 190], and (2) to reduce the sentence to a total term of imprisonment of 144 months, pursuant to a motion for downward departure under Federal Rule of Criminal Procedure 35.  *See* Minute Entry (Apr. 7, 2009); 2d Am. Judgment [Dkt. # 206].

995 F.2d 274, 276 (D.C. Cir. 1993). "Rule 59 was not intended to allow a second bite at the apple."

*Oceana, Inc. v. Evans*, 389 F. Supp. 2d 4, 8 (D.D.C. 2005).

## III.  ANALYSIS

Ms. Zaia does not allege any change in law nor does she point to new evidence. Instead, she asserts that the Court committed clear error. In making this claim, however, Ms. Zaia merely rehashes the same arguments previously presented. Ms. Zaia contends that the prosecutor engaged in misconduct when he alleged, as part of the first plea offer, that Ms. Zaia made false statements on her application for U.S. citizenship in 1988. The Government's first plea offer required Ms. Zaia to agree to be denaturalized and consent to deportation. *See* Gov't Opp'n [Dkt. # 239], Ex. 1 (First Plea Offer).[5] Because Ms. Zaia would not admit to various facts in the proffer in support of the first plea offer, she rejected the first plea offer and the Court would not accept a plea to this offer. Tr. 9/4/2007 at 38. Accordingly, the first offer plea became unavailable to Ms. Zaia and at that point deportation became a non-issue.[6] Ms. Zaia's allegation that the Government improperly pressured her to accept a plea for a sentence of 15 years by fraudulently alleging that she lied on her naturalization application is not supported by the record. The plea offers were not alternatives that were available at the same time. The second plea offer was not made until after the

_____

[5] Ms. Zaia is a naturalized citizen of the United States and had been at the time of her plea for twenty years. Because she is a citizen, her immigration status would not be implicated by any plea — unless the terms of the plea agreement expressly specified otherwise.

[6] Ms. Zaia's trial counsel, Reita Pendry, indicated that it was Ms. Zaia herself who asked trial counsel to inquire of the Government whether the Government would offer a ten-year plea deal if Ms. Zaia gave up her citizenship. Gov't Opp'n [Dkt. # 239], Ex. 2 ("Pendry Decl.") ¶ 8. Although counsel disagreed with this approach, she spoke with the prosecutor who then made the first plea offer. *Id*. Ms. Zaia contends that the Government first raised the issue of denaturalization. As explained in the text above, this factual dispute is not relevant to the claim of prosecutorial misconduct because the two plea offers were not available at the same time.

first plea offer was no longer available.  Ms. Zaia's claim of prosecutorial misconduct fails.[7]

## IV.  CONCLUSION

For the reasons stated above, Ms. Zaia's motion for reconsideration [Dkt. # 263] will be granted in part and denied in part.  The Memorandum Opinion [Dkt. # 255] and Order [Dkt. # 256] will be vacated and replaced with this Memorandum Opinion and accompanying Order.  Ms. Zaia's Amended Motion for Reconsideration [Dkt. # 249] will be denied.  A memorializing Order accompanies this Memorandum Opinion.

Date: February 2, 2011

                                                  /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge

---

[7] For the same reasons, the claim also would fail under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides for relief from a judgment or order due to:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P.  60(b).  Rule 60(b)(6), the catch-all provision, should be applied only in extraordinary circumstances. *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007).  No such circumstances exist here.